# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA
# THIRD DIVISION

UNITED STATES OF AMERICA,  Criminal No. 06-41 ADM/AJB

    Plaintiff,

v.  **REPORT AND RECOMMENDATION**

(1)    OUNEHUAN HONG, and
(2)    JAIME LYN JUNGBAUER

    Defendant.


Andrew Dunne, Esq., and W. Anders Folk, Esq., Assistant United States Attorneys, for the plaintiff, United States of America;

F. Clayton Tyler, Esq., for defendant Ounehuan Hong; and

John N. Nelson, Jr., Esq., for defendant Jaime Lyn Jungbauer.


This action came on for hearing before the Court, Magistrate Judge Arthur J. Boylan, on March 9, 2006, at the U.S. Courthouse, 300 South Fourth Street, Minneapolis, MN 55415. The Court issued separate Orders on Motions dated March 13, 2006, reserving defendants' motions for dismissal, severance, and suppression of evidence for submission to the District Court on report and recommendation.

Based upon the file and documents contained therein, along with testimony and exhibits received at hearing, the Magistrate Judge makes the following:

**Findings**

Defendants Ounehuan Hong and Jaime Lyn Jungbauer have been charged pursuant to a

United States grand jury indictment in which both defendants are charged with conspiracy to distribute cocaine, conspiracy to distribute methamphetamine, possession with intent to distribute cocaine, possession with intent to distribute methamphetamine, possession with intent to distribute marijuana, and possession of a firearm during a drug trafficking crime, along with forfeiture allegations. In addition, defendant Hong is charged with conspiracy to distribute and to possess with intent to distribute ecstasy and possession with intent to distribute ecstasy. The indictment was returned on February 7, 2006, and each indictment charge states an alleged date of the offense, provides the statutory basis for the offense, and generally describes the nature of the offense, i.e. nature and amount of drugs or weapons involved.

On April 15, 2005, Hennepin County District Court Judge Diana S. Eagon issued a warrant to search a specifically identified address in Brooklyn Park, Minnesota, including any garages or storage areas. (Hearing Exh. No. 2). The address is further identified in the supporting affidavit as the residence of defendant Ounehuan Hong. The search warrant identified the objects of the warrant as controlled substances, including ecstasy; drug packaging equipment; documents, electronic storage equipment, and communications devices indicating activities and persons involved in drug distribution; money; weapons; and documents showing constructive possession of seized items. The warrant was issued on the basis of probable cause contained in the Affidavit of Hennepin County Sheriff's Deputy Joe Poidinger, including confidential reliable informant reports, controlled drug buy information, and surveillance.

The Brooklyn Park residence search warrant was executed on April 19, 2005, and ecstasy and methamphetamine were discovered and seized pursuant to the warrant. Defendant Hong was at the residence with other persons and he was interviewed by Deputy Poidinger during execution

of the warrant, but after drugs had been found.  The interview took place in the lower level of the home and was audio recorded (Hearing Exh. No. 3).  The Miranda rights advisory was given to Mr. Hong in English and he verbally acknowledged his understanding of his rights.  Deputy Poidinger questioned defendant Hong regarding the drugs that were found and defendant responded to the officer's questions in English.  The defendant's answers were in English, were understandable to the officer, and were responsive to questions.  The defendant did not request a translator and did not indicate a lack of understanding as to any questions, though some questions were rephrased and/or re-asked.  The interview was amiable in nature and lasted 5 to 10 minutes.

On January 19, 2006, Hennepin County District Court Judge Allen Oleisky issued a warrant to search a specifically identified address in Minneapolis, Minnesota, along with three vehicles particularly described by year, make, model and license plate number, though one of the vehicles had no license plate. (Hearing Exh. No. 1).  The address and vehicles are further identified in the supporting affidavit as locations used by defendants in connection with apparent drug transactions.  The search warrant identified the objects of the warrant as cocaine, methamphetamine and other controlled substances; documents showing occupancy of the premises; money, valuables, and financial documents; drug sales and use paraphernalia; photos; guns and other weapons; and electronics and communications devices.  The warrant was issued on the basis of probable cause contained in the Affidavit of St. Paul Police Officer David Langfellow, including concerned citizen and confidential informant reports, controlled drug buy information, and surveillance information.

Based upon the foregoing Findings, the Magistrate Judge makes the following:

**Conclusions**

**Dismissal.**  Dismissal of the indictment in this matter for failure of the indictment to establish probable cause of defendant Hong's involvement in the alleged conspiracy is not required. Fed. R. Crim. P. 6(c)(1) requires that the indictment consist of a "plain, concise, and definite written statement of the essential facts constituting an offense charged."  In addition, the indictment "must give the official or customary citation of the statute, rule, regulation, or other provision of the law that the defendant is alleged to have violated."  The necessary information is provided in the indictment.  There is no requirement that the indictment recite the probable cause evidence upon which the charges are based, and the defendant provides neither argument nor evidence upon which to base a challenge to the grand jury's determination that probable cause existed for issuance of the indictment.

**Severance.**  Severance of counts and defendants is not required in this matter. Defendant Ounehuan Hong has made no particularized presentation to the Court in support of his motion for severance of counts and/or defendants, either in initial motions or in hearing argument. Defendant Hong contends that the defendants and counts were not properly joined, the jury will have difficulty distinguishing the acts of one defendant from those of the other, and evidence admissible against one of them may be inadmissible against the other.  Defendant also asserts possible violation of the Fifth Amendment right against self-incrimination, prejudice by joined trials on counts and defendants, and jury confusion.

Fed. R. Crim. P. 8(a) permits joinder of offenses in the same indictment if the offenses are of the same or similar character or are based on the same act or transaction or are based on acts connected together or constituting parts of a common scheme or plan.  The propriety of joinder under

4

Rule 8(a) is a question of law, though relief from a legally permissible joinder may be obtained as an exercise of discretion on motion for severance due to prejudice, pursuant to Fed. R. Crim. P. 14. United States v. Rodgers, 732 F.2d 625, 628-29 (8th Cir. 1984).  Availability of the Rule 14 remedy permits broad construction of Rule 8 in favor of initial joinder.  Id. at 629.

Two or more defendants may be charged in the same indictment if they are alleged to have participated in the same transaction or series of incidents constituting an offense or offenses. Fed. R. Crim. P. 8(b).  There is a preference in the federal system for joint trials of defendants who are indicted together. Zafiro v. United States, 506 U.S. 534, 113 S.Ct. 933, 937 (1993).  Persons charged with conspiracy should generally be tried together and it will rarely be improper for co-conspirators to be tried together.  United States v. Kindle, 925 F.2d 272, 277 (8th Cir. 1991); United States v. Stephenson, 924 F.2d 753, 761 (8th Cir. 1991)(cert. denied 502 U.S. 813 (1991)).

The co-defendants in this matter have been indicted on several counts, including conspiring with one another to distribute cocaine and methamphetamine.  Under these circumstances, the general rule in the Federal system is that the co-conspirators should be tried together.  The court may grant a severance of defendants if it appears that a defendant is prejudiced by a joinder of defendants at trial. Fed. R. Crim. P. 14.  A court "should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro, 113 S.Ct. at 938.

In his motion defendant Hong broadly asserts that evidentiary prejudice and difficulty in distinguishing the acts of each defendant, and in distinguishing the separate counts from one another, would result from joined trial.  In addition, improper joinder of defendants under Fed. R. Civ. P. 8(a)

5

and 8(b); the possible receipt of otherwise inadmissible evidence; and possible jury confusion have been generally alleged.  The present record in this case, including testimony and exhibits produced at hearing, offers no obvious indication as to how either defendant is prejudiced by joinder with the other defendant in this case, particularly to the extent necessary to overcome the preference for joinder of defendants in conspiracy cases.  Furthermore, it is not patently apparent that a jury would be unable to distinguish and apply the evidence relating to one defendant from evidence relating to other defendant, or distinguishing each count from the other, and severance is not required on that ground.

   The counts and defendants in this case were properly joined under Rule 8 and there is no basis for severance.  Decision on a Rule 14 motion for severance lies within the sound discretion of the trial court.  <u>United States v. Robaina</u>, 39 F.3d 858, 861 (8th Cir. 1994).  Rule 14 severance is a remedy for prejudice that may develop during trial.  <u>Id.</u> at 861.  Joinder of counts and defendants in this case was not improper and severance is not required in light of the current record.  <u>See</u>: <u>United States v. Wadena</u>, 152 F.3d 831 (8th Cir. 1998).

   **Search Warrants.**  Evidence seized pursuant to a warrant to search a specifically identified address in Brooklyn Park, Minnesota, including any garages or storage areas., (Hearing Exh. No. 2), was not unlawfully obtained in violation of the constitutional rights of defendants Ounehuan Hong and Jaime Lyn Jungbauer.  The residence search warrant was issued on April 15, 2005, and was based upon sufficient probable cause as stated in the Affidavit of Hennepin County Sheriff's Deputy Joe Poidinger and as determined by Hennepin County District Court Judge Diana S. Eagon.  The warrant properly and sufficiently identified the location to be searched and the items to be seized.  The search warrant was lawfully issued and there is no requirement for suppression of evidence seized

pursuant to the warrant.

Evidence seized pursuant to a warrant to search a specifically identified address in Minneapolis, Minnesota, along with three vehicles particularly described by year, make, model and license plate number of two of the vehicles, (Hearing Exh. No. 1), was not unlawfully obtained in violation of the constitutional rights of defendants Ounehuan Hong and Jaime Lyn Jungbauer. The residence search warrant was issued on January 19, 2006, and was based upon sufficient probable cause as stated in the Affidavit of St. Paul Police Officer David Langfellow and as determined by Hennepin County District Court Judge Allen Oleisky. The warrant properly and sufficiently identified the locations to be searched and the items to be seized. The search warrant was lawfully issued and there is no requirement for suppression of evidence seized pursuant to the warrant.

**Hong Statement.** Defendant Ounehuan Hong's interview statements made to Hennepin County Sheriff's Deputy Joe Poidinger on April 19, 2005, were not unlawfully obtained in violation of defendant's constitutional rights. Defendant's custodial statements on April 19, 2005 (Hearing Exh. No. 3), were voluntarily given with his awareness and understanding of his Miranda rights which Deputy Poidinger orally presented to him in English. Mr. Hong understood his rights, agreed to talk with the officer, and was appropriately responsive to questioning. There were no threats or promises made to induce the defendant's cooperation, defendant did not appear to be impaired, and he was not required to endure pain or discomfort. Statements obtained from defendant Ounehuan Hong should not be suppressed.

Based upon the foregoing Findings and Conclusions, the Magistrate Judge makes the following:

## RECOMMENDATION

The Court **hereby recommends** that:

1. Defendant Ounehuan Hong's Motion to Dismiss Indictment be **denied** [Docket No. 30];

2. Defendant Hong's Motion to Suppress Evidence Obtained as a Result of Search and Seizure be **denied** [Docket No. 37];

3. Defendant Hong's Motion for Severance of Counts and Defendants be **denied** [Docket No. 38];

4. Defendant Hong's Motion to Suppress Confessions and Statements in the Nature of Confessions be **denied** [Docket No. 49]; and

5. Defendant Jaime Lyn Jungbauer's Motion to Suppress Evidence Relating to Arrest and Search of Defendant be **denied** [Docket No. 57].


Dated:   March 24, 2006

                                                 s/ Arthur J. Boylan
                                                Arthur J. Boylan
                                                United States Magistrate Judge


Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before April 7, 2006.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and

Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.