UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

      Plaintiff,

v.                                                  **MEMORANDUM OPINION**
                                            **AND ORDER**
                                            Criminal No. 06-41(1) ADM/AJB

Ounehuan Hong,

      Defendant.

---

W. Anders Folk, Esq., Assistant U.S. Attorney, Minneapolis, MN, on behalf of Plaintiff United States of America.

F. Clayton Tyler, Esq., F. Clayton Tyler, P.A., Minneapolis, MN, on behalf of Defendant Ounehuan Hong.

---

## I.  INTRODUCTION

This matter is before the undersigned United States District Judge on Defendant Ounehuan Hong's ("Defendant") Objections [Docket No. 91] to Magistrate Judge Arthur J. Boylan's Order of March 24, 2006 [Docket No. 83] and Report and Recommendation of March 24, 2006 ("R&R") [Docket No. 84]. Defendant objects to the Order's denial of the Defendants' Joint Motion for a Franks Evidentiary Hearing [Docket No. 78] and the resultant ruling in the R&R denying Defendant's Motion to Suppress Evidence as a Result of Search and Seizure [Docket No. 37]. For the reasons set forth below, the Order and R&R are adopted. The procedural and factual background, described in the R&R, is incorporated by reference for review of the Defendant's present Objections.

## II.  DISCUSSION

In reviewing a magistrate judge's R&R, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); see also D. Minn. LR 72.2(b). A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

**A.      Order**

Defendant objects to the Order denying his Motion for a Franks Evidentiary Hearing. Franks v. Delaware allows a defendant to challenge the veracity of a search warrant. 438 U.S. 154 (1978). It requires that a substantial preliminary showing be made in order to allow the Court an opportunity to evaluate the significance of the offending evidence or omissions in light of probable cause considered as a whole. Id. at 171. To be entitled to a Franks hearing defendant must demonstrate: (1) that facts were added or omitted that make the affidavit in support of the search warrant misleading, or were in reckless disregard of whether the affidavit was thereby made misleading; and (2) that the affidavit, with evidence properly presented, would not have been sufficient to show probable cause. Id. at 171-72. A hearing is not warranted if probable cause exists to issue the warrant without regard to the evidence in question. Id.

Defendant argues that the affidavit filed in support of the contested search warrant was misleading because the confidential informant used to support the affidavit had recently been arrested for possession of cocaine, but that information was not included in the affidavit. Additionally, Defendant contends the search warrant fails because it does not identify the confidential informant as a resident of the house in which the controlled buy took place, and as a result, could simply have gone into the house and come out with her own drugs.

As the Order correctly found, the omissions alleged by Defendant were not made with the intent to mislead or with reckless disregard as to whether the affidavit would become misleading. Order at 3.  Additionally, the Order accurately determined that the affidavit would have sufficiently stated probable cause even if the information cited by Defendant had been included. Id.

First, the Order notes that failing to include in the affidavit that the confidential informant lived at the address in question was justified because including the address would have destroyed the confidential status of the informant and potentially put the informant at risk.  Id.  The same issue would also arise if the confidential informant's drug use and arrest record were set forth in the affidavit.  Id. at 3-4.  Moreover, these facts do not affect the issue of whether probable cause exists.  Even if the information were included in the affidavit, probable cause would have existed to support the search warrant.  The omitted information does not devalue the rest of the affidavit, which included evidence from concerned citizens regarding traffic and visitation patterns at the house; officer observations of the Defendant making frequent trips to his vehicle coinciding with short-term visits from other parties; and Defendant's fifteen minute trip to meet with an individual in a car one block from his residence.  Id. at 4.  This evidence suggests the existence of drug activity, and supports probable cause for the warrant in question.  Finally, the Order properly disregards Defendant's argument that the confidential informant could have simply obtained her own drugs from the residence, rather than conducting the controlled buy.  Id.  As the Order concludes, this argument is more appropriately advanced at trial, and does not diminish probable cause.  United States v. Carpenter, 422 F.3d 738, 744 (8th Cir. 2005). Because the statements raised by Defendant do not make the affidavit in support of the search

3

warrant misleading, and because the inclusion of the evidence does not affect the existence of probable cause, the Order is affirmed and Defendant's Motion is denied. Additionally, Defendant's request for a hearing is denied.

**B.     Validity of Search and Seizure of Defendant Thai**

Defendant argues that, because the affidavit for the search warrant did not present probable cause, the search warrant was invalid, as were the fruits of the search. For the reasons set forth previously, the search warrant, and therefore the search, is valid, and the R&R is affirmed on this issue. Additionally, because Defendant does not object to the other findings of the R&R, it will be affirmed in its entirety.

### III.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Order [Docket No. 83] is **ADOPTED**;

2. The Report & Recommendation [Docket No. 84] is **ADOPTED**; and

3. Defendant Hong's Objections [Docket No. 91] are **DENIED**.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: April 10, 2006.